# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 26-5391

**Case Name** Edelson, PC, et al. v. Anthropic, PBC

**Counsel submitting this form** Ryan D. Andrews

**Represented party/parties** Edelson PC & Oppenheim + Zebrak, LLP

*Briefly describe the dispute that gave rise to this lawsuit.*

This appeal arises from one of the largest copyright settlements in United States history. Plaintiffs, a group of authors, sued Anthropic PBC alleging copyright infringement for downloading millions of pirated books from on-line shadow libraries to train its AI model, Claude.

Class Counsel moved to certify a class of authors alone. As part of class certification proceedings, the court modified the class definition to include “all beneficial or legal copyright owners” from two pirate libraries—sweeping in book publishers, who own or hold exclusive rights in the copyrights for most of the pirated works. The court’s modification created an immediate structural problem that the court itself recognized: authors and publishers can hold coextensive interests and rights to assert claims in the same copyrights.

Class Counsel addressed the tension created in the certification order by bringing in Appellants as Publishers Coordination Counsel (“PCC”) and creating a separate role for authors’ counsel. This structure mirrored the division of interests the court had anticipated. Appellants’ appearance was approved by the Court and their role was disclosed from the outset through a joint notice.

The addition of publishers and the PCC fundamentally changed the value of the entire class’s claims. PCC led the settlement negotiations, and the result was a $1.5 billion settlement for the benefit of the entire class, authors and publishers alike. Also, PCC substantially increased the class size by obtaining the cooperation of the publishing industry to identify copyrighted works that met the class definition on the court’s accelerated schedule. Further, PCC developed several of the settlement’s signature features, including the limited releases and the structures that governed fairness between authors and publishers.

*Briefly describe the result below and the main issues on appeal.*

The district court granted final approval and awarded fees and expenses to Class Counsel. But the court refused to consider PCC's fees at all. It did not evaluate whether PCC's work benefited the class, did not review PCC's lodestar submissions, and made no findings. It categorically excluded all time billed by "non-appointed" attorneys and refused even to reimburse PCC's out-of-pocket cost contributions. No explanation other than a reference to a prior order inquiring into the nature of the settlement and the relationship among counsel for the class was provided in the judgment.

The exclusion was not even consistently applied. Other non-appointed firms, including large transactional firms billing hourly, were compensated from the same fund.

Appellants intend to argue on appeal that the refusal to consider the evidence showing the benefits that the PCC provided to the class or consider the evidence of their lodestar and litigation costs contribution was error.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

None, at present.

**Signature** /s/ Ryan D. Andrews **Date** 08/25/26

*(use* "s/[typed name]" *to sign electronically-filed documents)*